UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

LANDON HELMS, KAIYA ROBERTSON, JAYDA BUSHAY, and NANETTE NOVAK-KLOTZ,

Plaintiffs,

v.

NATIONAL COLLEGIATE ATHLETIC ASSOCIATION,

Defendant.

Case No. 1:26-cv-00568-DCN

**MEMORANDUM DECISION AND ORDER**

Before the Court is Plaintiffs Landon Helms, Kaiya Robertson, Jayda Bushay, and Nanette Novak-Klotz's ("Plaintiffs") Motion for a Temporary Restraining Order and Preliminary Injunction. Dkt. 2 (the "Motion"). Plaintiffs are students at Boise State University ("BSU") and members of BSU's cross country and/or track and field teams. Through their Motion, Plaintiffs ask the Court to enjoin Defendant National Collegiate Athletic Association ("NCAA") from enforcing NCAA Bylaw 12.6 (the "Five-in-Five Rule") as to Plaintiffs so they may be eligible to compete in 2026–27 cross country and/or indoor track and field seasons. Absent an injunction, Plaintiffs will lose out on valuable competitive experience and potential NIL and sponsorship deals.

The Court held an evidentiary hearing on the Motion on October 28, 2026, which included two expert declarations, a declaration by the Managing Director of Division I Governance and Member Services, expert testimony, testimony by Plaintiffs Robertson,

Novak-Klotz, and Bushay, and testimony by the head coach of BSU's cross country and track and field teams. During the hearing, the Court learned that the PAC-12 Cross Country Championships are happening on October 30, 2026, that the BSU head coach needs to select his racing team by October 29 at 3:00 p.m., and that Plaintiffs Robertson and Novak-Klotz will be on that racing team if the Court grants the Motion. As such, the Court agreed to issue this condensed ruling prior to the 3:00 p.m. deadline. A more detailed decision setting forth the Court's reasoning will be issued in the coming weeks.

A party seeking a preliminary injunction must clearly demonstrate: (1) likelihood of success on the merits; (2) likelihood of irreparable harm absent injunctive relief; (3) that the balance of hardships tips in their favor; and (4) that an injunction serves the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

Plaintiffs bring two primary theories of relief: breach of the express terms of NCAA Division I Bylaw 12.6,[1] and violation of the Sherman Act, 15 U.S.C. § 1. After careful consideration of the briefs and evidence presented at the hearing, for reasons that will be explained in a forthcoming memorandum decision, the Court finds it is clear Plaintiffs are likely to succeed on the merits and therefore GRANTS the Motion.[2]

[1] Plaintiffs acknowledged at the hearing that Count I of the Complaint does not necessarily allege the NCAA breached the express terms of Bylaw 12.6. But their Complaint does raise the issue, *see* Dkt. 1, at ¶ 64, and the briefs and supplemental submissions clearly provided the NCAA notice of this claim. *See* Dkt. 20, at 16–17. The NCAA did not object to this theory in briefing or at oral argument, and Plaintiffs are still within their time to amend the complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1)(B) and 15(b)(2)("When an issue not raised by the pleadings is tried by the parties' express or implied consent, it must be treated in all respects as if raised in the pleadings."). The Court will not deny the preliminary injunction at this stage based on a curable technicality.

[2] The Court need not decide whether the injunction sought is prohibitive or mandatory because it finds that under either standard, the outcome is the same. *See Blythe v. NCAA*, 190 F.4th 857, 861 n.2 (9th Cir. 2026).

Now, therefore, **IT IS HEREBY ORDERED**:

1. Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction (Dkt. 2) is GRANTED.
2. The NCAA is temporarily enjoined from enforcing NCAA Bylaw 12.6 (the Five-in-Five Rule) as to Plaintiffs.
    a. Landon Helms is eligible to compete in the upcoming indoor track and field season; Kaiya Robertson is eligible to compete in the ongoing cross country season and upcoming indoor track and field season; Jayda Bushay is eligible to compete in the upcoming indoor track and field season; and Nanette Novak-Klotz is eligible to compete in the ongoing cross country season.
3. The NCAA is enjoined from enforcing the Rule of Restitution against Plaintiffs, their coaches, or BSU for permitting Plaintiffs to compete in the 2026 cross country season and/or 2026–27 indoor track and field season regardless of the outcome of this case.
4. Plaintiffs are not required to post a bond.

DATED: October 29, 2026

David C. Nye
U.S. District Court Judge